UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE

2003 MAY 29 A 9 12

BY_____
DEPUTY CLERK

| | |
|---|---|
| MARTIN MEDINA; ANDRES ROMAN, SR.; ANDRES ROMAN, JR.; FELIPE VILLAFRANCA, and LISA KELLER, <br><br> Plaintiffs <br><br> v. <br><br> CHERRYFIELD FOODS, INC., and CHERRYFIELD FARMS, INC., <br><br> Defendants | Civil Action No.: <br><br> 03 CV 91 -B-S |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY
### INJUNCTIVE RELIEF SOUGHT

Plaintiffs, by and through their attorneys, complain against the Defendants as follows:

#### INTRODUCTION

1. The Plaintiffs are migrant farm workers who were employed by the Defendants in 1997 and/or 1998. During this time, the Defendants violated several provisions of the primary federal statute intended to protect migrant farm workers, the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801 et seq. The Defendants also failed to pay the Plaintiffs all the wages they had earned in violation of state law, 26 M.R.S.A. §§621 (repealed P.L. 1999, Ch. 465, §1) and 626.

#### PARTIES

2. Martin Medina is a resident of Clewiston, Florida.

3. Andres Roman, Sr., is a resident of Clewiston, Florida.

4. Andres Roman, Jr., is a resident of Clewiston, Florida.

5. Felipe Villafranca is a resident of Mountain Home, North Carolina.

1

6. Lisa Keller is a resident of Mountain Home, North Carolina.

7. Cherryfield Foods, Inc., is and was at all times relevant in this case a corporation organized under the laws of Maine. It is engaged in the cultivation, harvesting, processing, marketing, and sale of blueberries with a principal place of business in Cherryfield, Washington County, Maine.

8. Cherryfield Farms, Inc., is and was at all times relevant in this case a corporation organized under the laws of Maine. Its principal place of business is in Cherryfield, Washington County, Maine.

## JURISDICTION AND VENUE

9. This Court has jurisdiction in this case pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337(a), 28 U.S.C. §1367(a), and 29 U.S.C. §1854(a).

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1854(a).

## STATEMENT OF FACTS

11. At all times relevant to this action, Plaintiffs Martin Medina, Andres Roman, Sr., Andres Roman, Jr., Felipe Villafranca, and Lisa Keller were migrant agricultural workers within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act (hereinafter "AWPA") at 29 U.S.C. §1802(8)(A). Martin Medina, Andres Roman, Sr., and Andres Roman, Jr. were employed by the Defendants in seasonal agricultural labor, i.e. harvesting blueberries, in the 1997 and 1998 seasons. Felipe Villafranca and Lisa Keller were employed by the Defendants in seasonal agricultural labor, i.e. harvesting blueberries, in the 1998 season. The factual allegations that appear below relate to both the 1997 and 1998 harvest seasons, except where otherwise specifically indicated.

12. At all times relevant to this case, the Defendants were agricultural employers within the meaning of AWPA, 29 U.S.C. §1802(2).

13. The Defendants failed to provide to the Plaintiffs accurate, itemized pay statements containing all of the information required by AWPA.

14. The Defendants failed to pay to the Plaintiffs the wages owed to them when due, in violation of AWPA.

15. The Defendants violated without justification the terms of working arrangements they had made with the Plaintiffs, in violation of AWPA.

16. The Plaintiffs lived at housing provided, controlled, owned, and/or operated by the Defendants at a labor camp managed by crew leader Prescott "Buddy" Farren. Plaintiffs Felipe Villafranca and Lisa Keller lived at such housing in 1998.

17. The Defendants failed to ensure that the housing provided to the Plaintiffs complied with applicable health and safety standards, in violation of AWPA.

18. During the 1998 season, the Defendants knowingly provided the Plaintiffs with false and misleading information concerning the terms and conditions of employment, including the amount of the box rate, in violation of AWPA.

19. As to Plaintiffs Andres Roman, Sr. and Andres Roman, Jr., the Defendants failed to provide to them at the time of recruitment a written statement setting forth the terms and conditions of work, in violation of AWPA.

20. The Defendants failed to timely pay the Plaintiffs all the wages they had earned for the work they performed while employed by the Defendants, as required by state law at 26 M.R.S.A. §§621 and 626. This allegation applies to Plaintiffs Martin Medina, Andres Roman,

Sr., Andres Roman, Jr., Felipe Villafranca, and Lisa Keller in 1998, and to Plaintiffs Andres Roman, Sr. and Martin Medina in 1997.

21. As a result of the Defendants' actions and/or failures to act, as described in paragraphs 13 through 20, the Plaintiffs have suffered injury.

### CLAIMS FOR RELIEF

### COUNT I
### THE MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

22. The Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act, and regulations promulgated thereunder, by:

a) Failing to provide the Plaintiffs with accurate pay statements containing all of the information required by 29 U.S.C. §1821(d)(2);

b) Failing to pay the Plaintiffs all the wages owed to them when due, as required by 29 U.S.C. §1822(a);

c) Violating without justification the terms of working arrangements they had made with the Plaintiffs, in violation of 29 U.S.C. §1822(c);

d) Failing to ensure that the housing provided to the Plaintiffs complied with applicable substantive federal and state safety and health standards, as required by 29 U.S.C. §1823(a);

e) Knowingly providing false and/or misleading information to the Plaintiffs concerning the terms and conditions of employment, in violation of 29 U.S.C. §1821(f); and

  f)  Failing to provide to Plaintiffs Andres Roman, Sr. and Andres Roman, Jr. at the time of recruitment a disclosure statement in writing, as required by 29 U.S.C. §1821(a).

23. For each violation of AWPA, the Plaintiffs are entitled to recover the amount of their actual damages or up to $500 in statutory damages pursuant to §1854(c)(1), as well as costs.

## COUNT II
## (SUPPLEMENTAL STATE LAW CLAIM)
## MAINE WAGES AND MEDIUM OF PAYMENT STATUTE

24. The Defendants violated Maine state law, 26 M.R.S.A. §§621 and 626, by failing to timely pay the Plaintiffs all the wages they had earned for the work they performed while employed by the Defendants.

25. The Plaintiffs are entitled to recover the amount of their unpaid wages, plus an additional amount equal to double their unpaid wages, plus costs, pursuant to 26 M.R.S.A. §626-A.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that the Court grant them relief by:

  a)  Entering a judgment finding that the Defendants violated the Migrant and Seasonal Agricultural Worker Protection Act and the Maine Wages and Medium of Payment statute;

  b)  Awarding the Plaintiffs their actual damages or statutory damages of $500 for each of the Defendants' violations of AWPA;

  c)  Awarding the Plaintiffs the amount of their unpaid wages, plus an amount equal to double their unpaid wages in liquidated damages, for the Defendants' violation of 26 M.R.S.A. §§621 and 626;

d)  Awarding the Plaintiffs their costs as allowed by law;

e)  Awarding the Plaintiffs pre-judgment and post-judgment interest to the extent permitted by law;

f)  Enjoining the Defendants from further violations of the Migrant and Seasonal Agricultural Worker Protection Act and the Maine Wages and Medium of Payment statute; and

g)  Granting such other relief as the Court deems just and appropriate.

TRIAL BY JURY ON ALL ISSUES SO TRIABLE IS HEREBY DEMANDED.

Respectfully submitted,

Dated: 5/28/03

Eric R. Nelson, Esq.
Maine Bar No. 2654
Pine Tree Legal Assistance, Inc.
Farmworker Unit
61 Main Street, Room 41
Bangor, Maine 04401
(207) 942-0673

Dated: 5/28/03

Michael Guare, Esq.
Maine Bar No. 8832
Pine Tree Legal Assistance, Inc.
Farmworker Unit
61 Main Street, Room 41
Bangor, Maine 04401
(207) 942-0673

Thomas H. Kelley, Esq.
Maine Bar No. 1571
Pine Tree Legal Assistance, Inc.
88 Federal Street, PO Box 547
Portland, Maine 04112-0547
(207) 774-4946

ATTORNEYS FOR PLAINTIFFS